At a subsequent day in this term the opinion of the Court was read, as drawn up by
Parker C. J.
In this case (Shute v. Barrett) the only ground on which the motion for a new trial rests, is, that the damages are excessive.
Cases of this nature are the least satisfactory of any that < an come before a court of law, because it has not been found that any general rule can be applied, by which the merits can be tested. So much depends upon the particular circumstances of each case, upon the relative situation of the parties, upon the degree of malice on the one side and injury on the other, resulting rather from the general impression made at the trial from the whole evidence, the character and manner of the witnesses, and a variety of other circumstances, that the law has wisely, if not necessarily, left this question of damages to the sole control of the jury, which is supposed to be composed of men best qualified to estimate the compensation suitable for this kind of injury, with one check only, viz. that if they should manifestly appear to have submitted to the influence of passion, to have acted under a mistake, or to have *90 been partial or corrupt, the Court will set aside the veidict Order t0 obtain a fair trial.[1]
Now it is obvious that this is a difficult point for a court to settle, when the only evidence from which they are to infer the fact which vitiates the verdict, is the amount of money given in damages ; for whether the particular sum given is extravagant or not, must depend in a great measure upon the very circumstances which have been laid before the jury, and are presumed to be the grounds and cause of their verdict. So that for tire court to determine that the sum given is extravagant, is to rejudge the cause upon the facts, thus taking upon themselves a jurisdiction which belongs only to the jury. And this must be the reason why so many expressions apparantly loose and indefinite have fallen from courts and judges on motions for new trials for such causes ; such as that the damages must be “ outrageous,” — “ must strike all mankind so, at first blush,” — “must furnish evidence of gross misconduct on the part of the jury,”— and even induced Lord Kenyon to say in one case similar in many respects to slander, in which he thought one shilling enough, but the jury gave £5000, that “he had not the courage to set aside the verdict.”
It .is impossible to extract any rule from the numerous decisions and dicta which are so often cited as to become trite, except that any judge to whom the question is put whether the verdict shall stand or not, must be satisfied in his own mind that the rule of fair compensation has been departed from ; that passion, not reason, has decided, or that some undue influence has swayed the minds of the jury. And this conclusion they can arrive at only by revising the facts in the case, under the presumption in favor of the jury which the law will in all cases imply.
In the case before us the slander was of a gross nature. It was published on an occasion most likely to do injury. It was intended to do injury, for the object was to displace the plaintiff from a trust by which he gained his living, and in the execution of which good moral conduct was essential. It was *91 uftered after information given, which, if not sufficient to remove all suspicions from the defendant’s mind, ought to have produced caution, and subjects him to the charge of wilful perseverance in wrong ; under circumstances too which would justify the opinion that he did not believe what he declared. The defendant too is a man of substance and influence. His public declaration of a fact would have weight; so that more humble retailers of slander would be willing to rest upon him as authority. The plaintiff, on the other hand, was in a humble though highly responsible situation of trust and confidence, having nothing but his good character to secure him in his place. The defendant seemed willing to take the risk of the consequences. When warned at the very time of making his denunciations, he persisted in them to the very last. The evidence unquestionably shows malice, and that in a high degree, and the place and circumstances tended to aggravate the mischief. Without doubt, had the defendant merely exercised the right of a citizen to object to the appointment of a town agent on the ground that the candidate was of immoral character or conduct, he honestly believing the imputation true, he would have been entitled to consideration in damages, on the ground that nothing but legal malice existed ; as a member of the legislature, counsel at the bar, or other persons acting in the course of public duty, would be, if the subject of debate made it necessary to discuss private character and the purposes and views of the speaker were just and honest, intending only to communicate necessary information. But if such occasions are seized to traduce, or if the imputations made are false, and known to be so, or if the party making them has good reason to believe them untrue, or upon being told they are so will persist in his assertions, the slander is of the worst kind, and is accompanied with no palliating circumstances.
In this state of things it is impossible for us to say that 700 dollars is an “ outrageous sum,” or that the jury must have been “ influenced by passion or prejudice,” or that they were “ corrupt,” or that all mankind “ would be struck at first blush with the enormity of the sum.” On the contrary, the presumption is strong, that on another trial, as great if not greater damages would be given. Much of the force of the argu *92 ment on the part of the defendant has arisen from blending the two vei'dicts, so as to make it appear that 1300: dollars have been given for one and the same slander ; but the two cases are totally distinct as to the rights of the injured parties, and no aid can be drawn in support of the motion from consolidating them. The motion to set aside the verdict is overruled.
The principles above stated apply with at least equal force to the case of Oakes v. Barrett, in all respects except in re lation to the effect which it is supposed the testimony concerning the character and conduct of this plaintiff ought to have had on the question of damages. But that matter has all been properly before the jury, and we presume had its due effect. This verdict must also stand.

 See Worster v. Proprietors of Canal Bridge, 16 Pick. 547, 548; Boyd v. Brown, 17 Pick. 461 ; Chitty on Contr. (4th Am. ed.) 687, note 1, and cases cited; Boies v. M'Allister, 3 Fairfield, 308.